Estate of Samuel Seibert, deceased. Appeal of John M. McDowell, Administrator d. b. n. of Agnes W. Seibert, deceased.

*Substitution—Right of, only applied in clear cases—Laches.*

The benefit of substitution is only applied in a clear case, appearing from the proceedings in the case, and this right, if existing, may be lost by laches.

*Appeals—Weight of findings of fact by auditor.*

When the question whether money paid by a widow, in relief of her husband's estate, was a gift, loan, or advancement, under circumstances entitling her to subrogation to the rights of creditors whose debts were paid, is a question of fact, and where its decision depends upon the veracity and recollection of witnesses who appeared before the auditor and the

value of whose testimony could be best measured by him, his finding will rarely be disturbed by the appellate court when confirmed by the court below.

Argued March 16, 1897. Appeal, No. 51, March T., 1897, by John M. McDowell, administrator d. b. n. of Agnes W. Seibert, deceased, from the final decree of O. C., Franklin Co., dismissing exceptions to auditor's report and confirming the same. Before RICE, P. J., WILLARD, WICKHAM, BEAVER, REEDER, ORLADY and SMITH, JJ. Affirmed.

Exceptions to auditor's report. Before STEWART, P. J.

Samuel Seibert died April, 1874, testate. It appeared from the report of the auditor, appointed to distribute the balance shown by the final account of the executors of Samuel Seibert, deceased, that testator died in April, 1874. That shortly after his death his executors sold all his personal property and real estate except the house occupied by the wife, which had been devised to her for life, with remainder to children after her death. That Agnes W. Seibert, the widow, owned real estate in her own right. She lived in the property devised to her by the testator until her death. The fund for distribution arises on the sale of the testator's mansion house, in which Agnes W. Seibert lived, sold under power in the will. On or about April 1, 1878, one of the executors of Samuel Seibert told the widow that there were unpaid claims against the estate of Samuel Seibert to the amount of about $1,000, and that unless she advanced the money to pay these claims against her husband's estate the property in which she was living, which had been devised to her, would have to be sold to pay the testator's debts. She told this executor if he could borrow the money he could secure it by a lien on her own property. One thousand dollars was borrowed which Mrs. Seibert gave to the executors of Samuel Seibert who charged themselves with $1,000 received from Agnes W. Seibert, in their first account filed in this estate.

The administrator of Agnes W. Seibert sought to recover from the estate of Samuel Seibert the sum of $1,000 which Mrs. Seibert borrowed and gave to the executors of her husband. To this claim of the administrator the heirs of Samuel Seibert pleaded the statute of limitations. No proceedings were had in the orphans' court by the executors in relation to the loan by

Mrs. Seibert; no obligation was given her by either of the executors at the time she gave the money, nor was it shown that Mrs. Seibert ever requested any obligation or made a demand for its repayment.

About two years after Mrs. Seibert gave the executors the money one of the executors gave her a receipt for $1,000, which purports to be in satisfaction of five years' rent at the rate of $200 per annum. This receipt in part is as follows : " Said rent having been collected by me from her for the purpose of paying the debts of said decedent, and having been paid to me at or about the expiration of said term."

The auditor found as a conclusion of law that the $1,000 claimed by the estate of Mrs. Seibert had been paid to one of the executors on or about April 1, 1878; that no proceedings had been taken in relation to the matter, no demand having been shown, no obligation given, no suit brought, nor any steps towards its recovery having been taken prior to June 4, 1894, the statute of limitations is a bar to the recovery of this claim.

Exceptions were filed to the report of the auditor which were dismissed by the court.

*Errors assigned* among others were (2) In not finding that the widow was induced by false representations to pay the said sum of $1,000 to the executors. (3) In holding that the statute of limitations, was a bar to the claim of the administrator of Agnes W. Seibert. (4) In failing to award to the administrator of Agnes W. Seibert the sum of $1,000. (6) In dismissing exceptions to the auditor's report and confirming same absolutely.

*W. K. Sharpe*, of *Sharpe & Sharpe*, with him *J. M. McDowell*, for appellant.—The principle is too well settled to admit of doubt, that an executor, who advances money to pay debts, is entitled as against the heirs to be subrogated to the rights of the creditors : Wallace's App., 5 Pa. 103; Woodward's Appeal, 38 Pa., 322; Robb's Appeal, 41 Pa. 45; to the same effect is Cottrells' App., 23 Pa. 294.

The widow in paying off these debts, did not occupy the position of a volunteer: Reed v. Reed, 9 Watts, 263.

It has been held that where one, not a mere volunteer, pays a debt under some compulsion, made necessary for the adequate

protection of his own right, he is entitled to subrogation: Mosier's Appeal, 56 Pa. 76; Campbell v. Foster Home Association, 163 Pa. 609, 636.

The question whether the appellant will be barred by the statute of limitations depends upon whether the executors themselves would have been so barred. It appears that they would not: Cobaugh's Appeal, 24 Pa. 143.; Demmy's Appeal, 43 Pa. 155, 166.

If there was any fraud perpetrated upon the widow, of which fraud we contend the receipt is strong evidence, the statute can have no application because it would not run until the discovery of the fraud: Ferris .v. Henderson, 12 Pa. 49.

*Garnet Gehr* and *Thad. M. Mahon*, with them *Hastings Gehr*, for appellee.—There is but one question in this case,—Was the money claimed a gift by the widow to her husband's estate, or was it a loan? If it was a gift there can be no recovery, and if it was a loan it is, as the auditor finds, barred by the statute of limitations.

OPINION BY RICE, P. J., April 19, 1897:

Whether the transaction between Agnes W. Seibert and the executors of her husband's estate was a gift, a loan, or an advancement under circumstances entitling her to subrogation to the rights of the creditors whose debts were paid was a question of fact. Its decision depended, to a very large extent, upon the veracity and recollection of witnesses. According to the testimony of the executor it was unquestionably a gift. He is the only living witness who was present when the transaction was consummated, and his testimony is corroborated by the undisputed fact that, although Mrs. Seibert lived more than fourteen years after the transaction, and more than ten years after the executor's account was confirmed, she never demanded repayment of the money, or asserted in any way that she had any claim therefor.

The testimony of H. C. Seibert relates to conversations had prior to the advancement of the money. It is not irreconcilable with that of the executor, and even if it were more seriously conflicting it would be entitled to less weight than that of the executor, because he does not pretend that he was present when the transaction was consummated. The contention that Mrs.

Seibert paid the money as rent, in ignorance of her legal rights, is wholly unsupported by any direct testimony, and there is no evidence of any kind, from which the fact can be inferred fairly. We have not overlooked the receipt of April 1, 1880, in which the money was designated as rent; but this was given sometime after the money was advanced, and cannot affect the question, for these reasons: First, there is no evidence that the person who conceived the idea of designating the payment as rent, and who prepared the paper and presented it to the executor for his signature, had any authority to act for Mrs. Seibert, and there is evidence that she denied having had anything to do with it.

In view of the executor's explanation of the circumstances under which the paper was signed, we fail to see how it shows that Mrs. Seibert was induced to pay the money by his fraudulent representation that she was under legal compulsion to pay rent for the mansion house. She never asserted it, and the allegation has nothing now to support it but pure surmise. But, second, the character of the original transaction is to be determined by what occurred at the time, and there is not a word of testimony that, at the time the money was paid, or before, anything was said or suggested as to her liability to pay rent for the premises. On the contrary, by all the testimony, including that of the appellant's witness, it was paid so as to avoid the necessity of a sale of the mansion house in which she lived, and there was ample testimony to warrant the conclusion that there was no understanding or expectation on her part that it was ever to be returned to her, or that she was to derive any other advantage therefrom than the continued use and occupancy of the mansion house. Having arrived at this conclusion the court properly held that the attempt to revive and enforce this as a claim against the estate, after her death and after a lapse of over fourteen years, must fail. "The benefit of substitution is only to be applied in a clear case, appearing from the proceedings in the case:" Chancellor Kent, 4 Johns. 546. This is not such a case. And, even if Mrs. Seibert ever had the right to subrogation it was lost by her laches : Fink v. Mahaffy, 8 W. 384; Bank v. Potius, 10 W. 148 ; Rittenhouse v. Levering, 6 W. & S. 190, 198 ; Stout's Admr. v. Stout's Admr., 44 Pa. 457 ; Allegheny V. R. R. Co. v. Dickey, 131 Pa. 86, 97.

The decree is affirmed and the appellant is directed to pay the costs.