# Fink *against* Mahaffy.

The doctrine of substitution, being one of mere equity and benevolence, will not be enforced at the expense of a legal right; a surety, therefore, whose claim against his principal for money paid on a judgment against them, has been defeated at law, cannot be substituted for the plaintiff in the original judgment.

ERROR to the common pleas of *Lycoming* county.

John M. Hays obtained a judgment against Baltzer Quiggle, David Fink, and William Mahaffy; the two former being principals, and the latter as surety. In 1828 an execution was issued upon it, and the property of Quiggle was sold, but not for a sum sufficient to pay the debt, and William Mahaffy paid it. In 1836, Quiggle being dead, Mahaffy brought suit against Fink for the money laid out and expended, which was tried in May 1838, and a verdict rendered for the defendant. This application was then made to the court to substitute Mahaffy in the room of the plaintiff in the original judgment which he paid, to enable him to recover it from Fink, the surviving defendant.

This was objected to on the grounds, 1. That the judgment had been satisfied for ten years. 2. That by analogy to the statute of limitations, the plaintiff's claim is barred. 3. That the said Mahaffy failed to recover in an action for the same cause.

But the court below was of opinion that the substitution should be made, and it was done accordingly.

[Fink v. Mahaffy.]

*Armstrong* and *Campbell*, for plaintiff in error, cited 2 *Serg. & Rawle* 527.

*Anthony* and *Ellis, contra,* cited 1 *Chit. Pl.* 147, 257; 13 *Serg. & Rawle* 401; 1 *Story's Eq.* 505, 322, 480.

PER CURIAM.—In King *v.* Baldwin, 2 *Johns. Ch.* 557, it was decided that a party whose defence has been overruled as insufficient at law, shall not be relieved in equity merely on the same facts. Is not that the case of the party here, except that he was plaintiff in the suit at law? Moreover, his demand is barred by the statute of limitations; and if the doctrine of substitution is one of mere equity and benevolence, as it has been said to be, it will not be enforced at the expense of a legal right. The substitution was therefore improvident.

Order reversed, and assignment of the judgment stricken out.