## Cottrell's Appeal—Bowers' Estate.

1. Subrogation being founded on principles of equity may be enforced where there is no contract for a transfer of the security.

2. To prevent a sale upon execution the defendant in the judgment gave to the judgment-creditor a promissory note with an endorser for the amount of his claim and received the single bill on which the judgment was founded. The note having been discounted was ultimately paid to the bank by the endorser thereon, and he afterwards procured from the creditor an assignment of the judgment on which satisfaction had not been entered. *Held*, that the endorser was entitled to payment of the judgment in preference to a subsequent judgment entered previous to the giving of the note.

APPEAL by J. W. Cottrell from the decree of the Common Pleas of *Lancaster county*, directing distribution of proceeds of sale of real estate of A. Bowers.

Ephraim Hershey had a judgment *v.* Bowers, entered to January Term 1850; and Cottrell had a judgment against the same defendant to January Term 1852. In *December*, 1852, the property of Bowers was advertised for sale under execution issued on Hershey's judgment; and Hershey agreed to stop the sale if Bowers gave him security for the amount of his judgment. Bowers proposed Isaac Pusey as "security." Bowers, in that month, gave to Hershey a negotiable note which was endorsed by Isaac Pusey. It was payable at sixty days, and was for an amount exceeding $700. Hershey stated his impression to be that on receiving the note he handed to Bowers the single bill on which his judgment was founded. On, inquiry of Bowers as to entering satisfaction of the judgment, the latter suggested that it remain as it was. Hershey stated that he took the note as a payment of his claim. Nothing was said at the time about his transferring the judgment to Pusey. The note was discounted at bank, and the proceeds received by Hershey. The note not being paid was protested, but was subsequently paid by Pusey. Afterwards, viz. on 19th May, 1853, Pusey procured from Hershey an assignment of the judgment, and claimed payment out of the proceeds of sale of Bowers' real estate. This was opposed by Cottrell. The auditor appointed reported in favor of Pusey, and exception being taken, the report was confirmed.

It was excepted that the Court erred in treating the judgment of Hershey as a valid judgment after it had been paid; and in not directing the payment of Cottrell's judgment.

*Ellmaker*, for plaintiff in error.—Hershey and Bowers settled with each other, and the judgment debt was extinguished. It did not appear that Pusey endorsed the note under any agreement for the assignment of the judgment. There was no evidence that

[Cottrell's Appeal—Bowers' Estate.]

Pusey was a surety—and there may have been such dealing between Pusey and Bowers as induced Pusey to put his name on the note; and if he lost by so doing, he could not resuscitate a debt extinguished previously.

*Stevens,* contrà.—The right of substitution does not depend on *contract* between the parties, but is founded in equity: 6 *Watts* 221, Kyner *v.* Kyner. It applies where one, not a mere volunteer, pays the debt of another: 5 *Barr* 103, Wallace's Appeal; 2 *U. S. Dig. of* 1848. Though actual payment discharges a judgment or other encumbrance *at law,* it may subsist in equity when justice requires it: 2 *Rawle* 128, Fleming *v.* Beaver; 9 *Barr* 498, Morris *v.* Oakford; 1 *Barr* 512; 1 *Jones* 531; 1 *Pa. Rep.* 395.

The opinion of the Court was delivered by

WOODWARD, J.—Subrogation is founded on principles of equity and benevolence, and may be decreed where no contract or privity of any kind exists between the parties. Wherever one not a mere volunteer discharges the debt of another, he is entitled to all the remedies which the creditor possessed against the debtor. Actual payment discharges a judgment or other encumbrance *at law,* but where justice requires it we keep it afoot in equity for the safety of the paying surety. These principles, settled in numerous cases, which will be found collected in 2 *Wharton's Digest* 612, are decisive against this appellant.

There is nothing in the argument that Hershey's judgment had been extinguished. It was paid to be sure, and this was necessary to entitle the surety to subrogation, for substitution of a surety is never allowed where anything remains due to the principal; Keyner *v.* Keyner, 6 *Watts* 221; Bank of Pennsylvania *v.* Potius, 10 *Watts* 148; but it was not satisfied on record, and was finally assigned voluntarily by Hershey to Pusey, who acquired, thus, a legal title as well as an equitable right to it as a means of indemnity.

We are of opinion the Court were right in confirming the distribution made by the auditor, and the decree is accordingly affirmed.

LEWIS, J., dissented.