GEORGE W. MARPLES v. STANDARD OIL COMPANY.

Submitted July 8, 1904—Decided November 7, 1904.

A declaration which counts upon the breach of an alleged duty owing by the defendant to the plaintiff, must set forth the facts out of which the duty arises. The mere allegation that such duty exists is not enough. Such an allegation is not the statement of a fact, but of a conclusion of law; and in considering the sufficiency of a declaration, the court does not accept the conclusion of the pleader, but determines for itself the legal force of the facts which the pleading contains.

On demurrer to declaration.

Before GUMMERE, CHIEF JUSTICE, and Justices GARRISON, GARRETSON and SWAYZE.

For the plaintiff, *John W. Wescott* and *Matthew Jefferson.*

For the demurrant, *Thomas E. French.*

The opinion of the court was delivered by

GUMMERE, CHIEF JUSTICE. The declaration avers that the plaintiff, while in the store of Wilkins & Brother, was injured by an explosion of gas generated from gasoline, a highly explosive and dangerous compound, which had been placed by the defendant in an iron tank in the cellar of said store; that Wilkins & Brother sold, among other things, petroleum or crude oil, which was furnished to them by the defendant and was placed by the latter in the tank; that the defendant knew and intended that the plaintiff and others, dealing at Wilkins' store, would go there to purchase petroleum or crude oil and other commodities; and that it thereupon became the duty of the defendant to see that the tank was filled with petroleum or crude oil and nothing else. The responsibility of the defendant for the plaintiff's injuries is predicated upon its failure to perform this alleged duty and the putting of gasoline in the tank, knowing that it was dangerous and would generate a highly explosive gas.

We think the demurrer should be sustained. The declaration fails to show that the duty which it is stated the defendant failed to perform had any existence. It is not enough for the pleader to allege that the duty exists. Such an allegation is not the statement of a fact but merely the pleader's averment of the legal efficacy of the facts which are set out in the declaration; and, in considering the sufficiency of the declaration, the court does not accept the conclusion drawn by the pleader but determines for itself the legal force of those facts. *Breese v. Trenton Horse Railroad Co.,* 23 *Vroom* 250; *Clyne v. Helmes,* 32 *Id.* 358.

The mere fact that the defendant was accustomed to supply Wilkins & Brother with petroleum for sale to their customers did not, *per se*, impose upon it any obligation to continue to furnish that commodity to them. It had the right at any time, unless prevented by contract, to discontinue furnishing that article. It also had the right at any time, at the request or with the consent of Wilkins & Brother, to supply gasoline in the place of petroleum as the product to be placed on sale by the latter, notwithstanding its knowledge that the plaintiff and others were accustomed to go to Wilkins' store to purchase petroleum. There is no suggestion in the declaration that the defendant was under any obligation to the plaintiff to supply the Wilkins firm with petroleum for his benefit. Nor was it obliged to abstain on his account from furnishing the firm with gasoline by reason of its dangerous character. Gasoline is recognized by our statute as a merchantable commodity and its sale permitted under certain restrictions. *Gen. Stat., p.* 2454, § 6.

The absence of any averment in the declaration that the defendant placed gasoline in the tank without authority to do so from Wilkins & Brother raises the presumption that the contrary was the fact, for it is a familiar rule that each party's pleading is to be taken most strongly against himself and most favorably to his adversary.

The defendant is entitled to judgment on the demurrer.