## Potter Gas Company, Appellant, *v.* Dunshie.

*Taxation—Oil and gas lands—Separation of surface from minerals.*
    Where a person takes a conveyance of all the petroleum and gas contained in a tract of land, and covenants for himself, grantees and assigns to "pay all taxes assessed upon said premises" thereafter, and it appears that he goes into physical and visible occupancy of the surface for the purpose of developing the minerals, he will be liable for all the taxes assessed against the "said premises" whether for surface or for minerals.

Argued Oct. 28, 1909. Appeal, No. 107, Oct. T., 1909, by plaintiff, from decree of C. P. Potter Co., March T., 1909, No. 1, dismissing bill in equity in case of Potter Gas Company v. Fred Dunshie Collector of Sharon Twp. and Sharon School Dist., the Township of Sharon, the School District of Sharon Twp., C. D. Austin et al. Before RICE, P. J., HENDERSON, MORRISON, ORLADY, HEAD, BEAVER and PORTER, JJ. Affirmed.

Bill in equity for an injunction. Before ORMEROD, P. J.
The facts are stated in the opinion of the Superior Court.

*Error assigned* was decree dismissing the bill.

*Archibald F. Jones*, with him *W. I. Lewis* and *R. R. Lewis*, for appellant.—The owner of surface land can no more be held for the tax upon the mineral strata, after a severance, than can the owner of the mine be held for the taxes upon the surface: Caldwell v. Copeland, 37 Pa. 427; Powell v. Lantzy, 173 Pa. 543; Tiley v. Moyers, 25 Pa. 397; Canal Company v. Hughes, 183 Pa. 66; Lillibridge v. Coal Company, 143 Pa. 293; Irwin v. Bank, 1 Pa. 349; Logan v. Washington County, 29 Pa. 373; Hutchinson v. Kline, 199 Pa. 564.

*A. N. Crandall*, for appellees.

OPINION BY ORLADY, J., April 18, 1910:
The plaintiff company is the successor in title of the Eulalia Gas Company, which secured title to the property affected by

this controversy, by deed dated October 6, 1898, between Alfred S. Brown and others and the Eulalia Gas Company, in and by which the grantors convey to the grantees, their successors, and assigns, all the petroleum, gas, etc., contained in 715 acres of land, and by which they are given the right to lay and maintain oil, gas, water, steam lines and pipes upon the premises for the purpose of producing oil and gas therefrom. The important clause in the deed is as follows: "Said second party, its successors, grantees and assigns, shall pay all taxes assessed upon said premises from this date." The land was assessed as a whole until the triennial assessment of 1907, when the original grantors having then parted with their title to the surface, the Potter Gas Company requested the commissioners of Potter county to separately assess the oil, gas and mineral estate, and the surface was assessed in the name of Hall and Brown. In 1908 the assessment of oil, gas and minerals to the plaintiff company was dropped from the records by a mistake; and the assessment of the surface, however, remained unchanged.

The plaintiff company is operating twenty-three wells upon this tract, which produce both petroleum oil and natural gas, and is occupying the surface of the land in the usual and customary manner, for the purpose of producing oil and gas by the methods in general use.

The tax collector for the purpose of collecting the tax for the years 1907 and 1908, against the surface of the land, levied on the personal property of the gas company, when the plaintiff filed a bill in equity to restrain the collector from selling the property, claiming that it was not an occupier of the surface within the meaning of the tax laws. The case was heard on bill and answer, when the court dismissed the bill, holding that the plaintiff was an occupier of the surface, and that as the conveyance of the oil, gas and mineral estate contained a covenant in regard to the payment of taxes, the plaintiff had no standing in a court of equity. The court found as a fact, which is not excepted to, that the plaintiff company had occupied the land for several years by its employees and teams for all operating purposes, had erected derricks for use

in drilling wells, constructing lines of pipe to conduct the gas and oil from the wells, and erected six large oil tanks for the storage of oil. While the derricks had been removed after the wells had been drilled, the plaintiff's employees were constantly in attendance at the wells, lines and tanks, storing tools, pipes and materials on the ground, crossing and recrossing the land at any and all times necessary and convenient to care for the pipes and tanks, and to erect and locate any lines or tanks as needed.

A careful examination of the testimony warrants the conclusion reached by the learned trial judge, and it was a very natural conclusion for the assessor to find that the plaintiff company had physical and visible occupancy of the surface of the real estate over the entire tract. It was not his business to inquire how the improver holds the property, whether by title proper or improper, or by no title at all. This concerns neither him nor the public, for the question is how the taxes shall be collected, if seated, then from some person, if unseated then from the land itself: Stoetzel v. Jackson, 105 Pa. 562; Kitchen v. Smith, 101 Pa. 452.

In its special covenant to "pay all taxes assessed upon said premises" the plaintiff precludes itself from denying its present liability. The reason given for the separate assessment could not affect its liability to pay the taxes, as under its covenant, this was a covenant running with the land: Bradford Oil Co. v. Blair, 113 Pa. 83; Washington Natural Gas Co. v. Johnson, 123 Pa. 576.

The words "said premises" are used by the parties in their deed in four different places and in each place the words refer to the whole property, that is surface, oil, gas and minerals, and the court so finds, to which no exception has been filed. The consideration is very clearly stated to be a cash payment, a reservation of one-eighth of the oil, and the payment of all taxes assessed upon said premises from this date. A covenant to pay rent or royalty for oil runs with the land: Fennell v. Guffey, 139 Pa. 341; Williams v. Short, 155 Pa. 480; Rohn v. Odenwelder, 162 Pa. 346.

The decree of the court below is affirmed.