Sgro *v.* Pa. Burial Co., Inc., Appellant.

Argued December 14, 1933.

Before Trexler, P. J., Keller, Cunningham, Baldrige, Stadtfeld, Parker and James, JJ.

*Carlos Berguido, Jr.,* and with him *Brown & Williams,* for appellant.—

*Herman D. Friedman,* for appellees,

Opinion by Cunningham, J., March 16, 1934:

This appeal is by the defendant from a summary judgment entered by the court below, in the amount of $100, for want of a sufficient affidavit of defense to plaintiff's action, by which he sought to recover the aggregate amount of weekly payments made by him to the defendant company, under a certain contract for funeral expenses and burial equipment.

In the recent cases of Bedell v. Oliver H. Bair Co., Inc., 104 Pa. Superior Ct. 146, 158 A. 651; Lukens v. The Oliver H. Bair Co. ibid., 280, ibid. 654; and Ruto v. Italian Burial Casket Co. ibid., 288, ibid. 657, this court considered at length and disposed of questions which control the disposition of this appeal and a repetition of what was there said is unnecessary.

This case is ruled by Bedell v. Oliver H. Bair Co., Inc., supra, and not by Lukens v. The Oliver H. Bair Co., supra.

The contract here involved is identical in form with the one considered by this court in the third case above mentioned, Ruto v. Italian Burial Casket Co., and the defendant in that case is the present appellant. In the case just cited we held that contracts in the form of the one now at bar, even if not ultra vires (in view of the more extensive corporate powers of appellant), are contracts of insurance and cannot be lawfully issued by appellant because it has not complied with the insurance laws of this state.

In the Bedell case, and for the reasons there stated at length, the conclusion was reached that the holder of such a contract may at any time discontinue making the payments therein provided for and recover all payments made thereunder, with interest from the date of demand.

The contract now in question is identified as No. 1823; it was executed August 27, 1923, and provided for the payment of twenty cents per week until $200 had been paid. In the event of the death of the plain-

tiff at any time after the first payment, appellant agreed to inter his remains in the manner therein specified; it was further provided that the contract should become null and void on failure to make any of the payments when due and that all payments theretofore made should be forfeited to appellant.

It is admitted in the affidavit that plaintiff made the payments regularly up to November 7, 1932, in the aggregate amount of $96.20, and that plaintiff then made demand upon appellant for the return to him of the amount so paid. The defense sought to be interposed at this point consists of averments to the effect that a new contract was then entered into between plaintiff and appellant which had the effect of bringing the case at bar under the decision of this court in the Lukens case. The contract under consideration in the Luken's case contained a provision that, if the person holding it should so request, the company would issue a "credit receipt" for the full amount of money paid in under the contract, which "credit receipt" obligated the company to care for and inter the remains of the holder and allow a credit to the extent of the amount of the receipt "for and on account of any funeral furnished and conducted" by the company for the holder of the receipt. In that case we held that the issuing and acceptance of such a receipt constituted a new contract, based upon a new and independent consideration, and amounted to an agreement to render the specified services to the estate of its holder, and that this new contract was not so tainted with the illegality of the original transaction as to render it invalid.

The difficulty with appellant's present case is that the averments in its affidavit do not bring it within the scope of the decision in the Luken's case. There, the original and illegal contract was cancelled, and, in lieu thereof, the company issued and the other

party accepted the credit receipt. Nothing of that nature was done here. The averments are merely to the effect that when plaintiff stopped paying on November 7, 1932, and demanded the return of the payments theretofore made, appellant orally represented to him that if he would permit appellant to retain the $96.20, then in its hands, and would agree to pay thereafter the sum of twenty cents weekly to appellant until the sum of $200 had been paid, appellant would provide him with the funeral equipment and services specified in the original contract, and further, that plaintiff would be protected to the extent of his proportionate share in a certain reserve fund (similar to that referred to in the Bedell case) established by arrangement with the Insurance Department of this state. This proposition, it is averred, was orally accepted by plaintiff and the payments were resumed under its terms.

It is then averred that plaintiff paid during the week of January 2, 1933, $1.40 and thereafter paid twenty cents each week for a period of twelve weeks, or until March 20, 1933, thereby making the total amount paid by plaintiff to appellant subsequent to the date of the alleged agreement $3.80, and a total of $100 between the date of the original contract and March 20, 1933.

Further admissions are that plaintiff discontinued his payments on and after March 27, 1933, and demanded return of the $100 theretofore received by appellant. Appellant also admitted it refused plaintiff's demand, but averred it tendered him $41.20 as his proportionate share in the above mentioned reserve.

It is perfectly clear that no new contract was made in this case; appellant merely induced plaintiff to continue the original and illegal one. The situation of the parties after November 7, 1932, was exactly what it had been before that date. The illegal insurance

feature was just as clearly present after, as it was before, the alleged change; if plaintiff's death should occur before his payments amounted to $200 his estate would profit and appellant would lose.

Another defense suggested by appellant is that plaintiff can in no event recover any sums paid more than six years prior to the issuance of the writ. In view of what we said in the Bedell case (p. 155) with respect to the facts in these cases giving rise to constructive contracts—fictions of law, sometimes described as equitable liabilities upon which the law assumes to give a remedy—we are of opinion that the statute of limitations furnishes no defense to any part of plaintiff's claim.

The court below was fully justified in entering a summary judgment in favor of the plaintiff for $100, with interest from March 27, 1933.

Judgment affirmed.