### Reily, Appellant, v. First National Bank of Ashley et al.

Argued April 12, 1937. Before KEPHART, C. J., SCHAFFER, MAXEY, DREW, LINN, STERN and BARNES, JJ.

64

■■■■■■■■■■■■■■■■■■■■■■■■

■■■■■■■■■■■■■■■■■■■■■■■■

*Frank J. Williams,* with him *A. P. Conniff,* for appellant.

*Thomas F. Farrell,* with him *M. F. McDonald,* for appellee.

PER CURIAM, November 12, 1937:

Appellant filed a bill in equity to restrain appellees from exposing certain real estate to public sale. An answer was filed, and at the hearing, before any testimony had been taken, appellant moved under Equity Rule 14 to discontinue her suit. The court below refused the motion and compelled appellant, against her objection, to proceed with the case, which she did. At the conclusion of the hearing the bill was dismissed. Appellant assigns as error the order refusing to grant her motion to discontinue.

Equity Rule 14 provides: "Any party may discontinue his suit, *as of course,* so far as relates to his claim or counterclaim, at any time prior to the trial; and thereafter, before findings of fact and law have been made and filed of record, by leave of court on cause shown, . . ." This rule confers upon a party plaintiff the absolute right to discontinue his equity suit at any time prior to trial; it is not necessary to secure the consent of the court in which the proceeding was instituted. As appellant's motion was made before the trial had started, the court below should have granted it; the matter was not one of sound discretion, but an absolute right: *Adam Hat Stores, Inc., v. Lefco,* 317 Pa. 442, does not sustain the court's action in refusing the request. There the motion was made after the hearing on the merits had commenced and considerable testimony had been taken.

Decree reversed and action discontinued; the costs of this appeal to be paid by appellees.