First National Bank of Ashley *v.*
Reily, Appellant.

Argued March 7, 1949. Before RHODES, P. J., HIRT,
RENO, DITHRICH, ARNOLD and FINE, JJ. (ROSS, J.,
absent).

*James L. Brown,* with him *Daniel J. Flood,* for appellant.

*John L. McDonald,* with him *M. F. McDonald, Sr.,* for appellee.

OPINION BY RENO, J., July 15, 1949:

The court below directed a verdict for plaintiff and on it judgment was subsequently entered. Defendant appealed from the refusal of her motions for judgment n. o. v. and a new trial.

Plaintiff seeks recovery for the amount of taxes which it paid upon defendant's property in the circumstances to be related. The case involves application of the rules of subrogation, and the operation of the Statute of Limitations upon actions for subrogation.

On April 19, 1930, defendant's brother, John A. Reily, while the record owner of the premises, borrowed $12,000 from plaintiff on a judgment note, and judgment was entered thereon on April 24, 1930. Reily died on December 10, 1933, and during 1938 the lien of the judgment was continued by revival proceedings against Reily's estate in which defendant was summoned as a terre tenant. Meanwhile, i. e., on September 8, 1933, defendant had recorded a deed dated October 19, 1926, wherein Reily granted the premises to her. Plaintiff issued execution upon the revived judgment, purchased the premises at the sheriff's sale, paid the costs and unpaid taxes and received the sheriff's deed on May 14, 1940. Plaintiff's proceeding for possession under the Act of April 20, 1905, P. L. 239, was decided in defendant's favor. On February 27, 1947, plaintiff instituted

this action of assumpsit to collect $342.89, covering taxes for the years 1937, 1938 and 1939.[1]

All the underlying elements of subrogation are present in this factual situation. Defendant was bound to pay the taxes assessed against the premises while she was the registered owner. *Pennsylvania Co. v. Bergson,* 307 Pa. 44, 59 A. 32. She was unjustly enriched at the expense of plaintiff which was not an officious intermeddler. It had a real and legal interest in the premises, derived from her grantor, John A. Reily.

Our books are replete with cases where a party who has paid taxes assessed against the property of another has recovered them in an action at law. A mortgagee who purchases the mortgaged premises and pays delinquent taxes is subrogated to the rights of the taxing authorities, and may recover them in assumpsit against the record owner, *Hogg v. Longstreth,* 97 Pa. 255, against a real but unregistered owner, *N. Phila. Trust Co. v. Heinel Bros., Inc.,* 315 Pa. 385, 172 A. 692, or against a record owner who is a mere trustee. *Pennsylvania Co. v. Bergson,* supra. An owner of ground rent, foreclosing therefor and paying taxes owed by the terre tenant is allowed indemnity from the latter. *Frank v. Neill,* 44 Pa. Superior Ct. 468. The same principle has been applied in a large variety of legal relationships. *Haverford L. & B. Assn. of Phila. v. Fire Assn.,* 180 Pa. 522, 37 A. 179 (co-tenant believing himself sole owner entitled to subrogation against his co-owner for taxes) ; *McDannel v. Weddige,* 79 Pa. Superior Ct. 494 (remainderman paid taxes owed by life tenant) ; *O'Donnell v. Neely,* 66 Pa. Superior Ct. 351 (vendor paid taxes owing by his vendee in order to remove lien from his other property) ;

---

[1] For a more complete statement of the facts and a history of the proceedings, see *Reily v. First Nat. Bk. of Ashley,* 328 Pa. 63, 194 A. 922; *First Nat. Bk. of Ashley v. Reily,* 37 Luzerne L. R. 404; 39 Id. 337; 40 Id. 68; 60 D. & C. 99.

*Mangold v. Isabella Furnace Co.,* 31 Pa. Superior Ct. 275 (vendor paid taxes assumed by his vendee who did not complete his sale) ; *Kitchen v. Smith,* 101 Pa. 452 (tenant paid taxes owed by landlord). See also *Millard v. D. L. & W. R. R. Co.,* 224 Pa. 448, 73 A. 904; Ibid, 240 Pa. 234, 87 A. 601; *L. V. Coal Co. v. Coxe Bros. & Co., Inc.,* 327 Pa. 23, 192 A. 658; *Fassitt v. Seip,* 249 Pa. 576, 95 A. 273. Restatement, Restitution, §§43, 54, 104, 162.

The doctrine of our cases is that a judgment creditor who issues execution upon his judgment, purchases the premises, and is compelled to discharge unpaid taxes is subrogated to the rights of the taxing power, and is entitled to recover the taxes in an action of assumpsit against the owner of record at the time the taxes were assessed.

Both sides rely upon *Home Owners' Loan Corp. v. Murdock et al.,* 150 Pa. Superior Ct. 284, 28 A. 2d 498. That case illustrates a salient principle of subrogation but it does not control this case. HOLC was denied recovery for several reasons, the principal one being' that the First National Bank of Wyoming, a party to the suit, was merely a judgment creditor of the Murdocks, the record owners, and as a judgment creditor was under no obligation to pay taxes upon the premises.

Nevertheless, plaintiff cannot recover. Its right of action accrued when it paid the taxes on May 14, 1940, and was lost six years later. Its action, instituted on February 27, 1947, was too late. *Ault v. Adamson,* 66 Pa. Superior Ct. 374. Plaintiff was not required, as it argues, to await the termination of the possessory proceeding before instituting this action. Its right was complete upon payment of the taxes, and the subsequent decision upon the proceeding for possession neither bestowed nor confirmed that right. The right was derived from the payment, not from the denial of possession. Defendant was the record owner when the taxes were assessed, and her liability stemmed from her owner-

ship and plaintiff's payment, and not from the fact that she defeated plaintiff's possessory proceeding. That proceeding merely demonstrated that the sheriff's deed did not prevail over Reily's deed to defendant, and instead of creating the right to subrogation might have imperiled it. Prudence may have dictated postponement of the assumpsit action to the possessory proceeding, but the right to maintain the action was not dependent upon the outcome of the proceeding.

The court below held that the litigants were parties to a quasi-contract or a contract implied in law, and therefore the Statute of Limitations did not bar the action.[2] This was error. Recovery was sought upon the principles of subrogation, and the action did not involve a contract of any kind. By paying the taxes in the circumstances here present plaintiff stepped into the shoes of the taxing authorities, and defendant was obligated to pay plaintiff that which she had owed to the political subdivisions. Her obligation to pay did not rest upon a promise, express or implied. It existed independently of promise or contract.

"The right of legal subrogation is not a matter of contract; it does not arise from any contractual relation between the parties, but takes place as a matter of equity, with or without an agreement to that effect. It is not dependent on privity or founded on, or dependent on, contract or on the absence of contract, but is independent of any contractual relations between the parties": 60 C. J., Subrogation, §7. The text is thoroughly supported by our cases. *Williamson's Appeal,* 94 Pa. 231; *Wallace's Est.,* 59 Pa. 401; *Mosier's Appeal,* 56 Pa. 76; *Hoover v.*

---

[2] The court below relied upon *Erny's Est.,* 337 Pa. 542, 12 A. 2d 333; *Bedell v. Oliver H. Bair Co., Inc.,* 104 Pa. Superior Ct. 146, 158 A. 651; *Sgro v. Pa. Burial Co., Inc.,* 113 Pa. Superior Ct. 20, 171 A. 425.

*Epler,* 52 Pa. 522; *Cottrell's Appeal,* 23 Pa. 294; *Kyner v. Kyner,* 6 Watts, 221.

In *Hutcheson v. Reash,* 15 Pa. Superior Ct. 96, 100, President Judge RICE said: "The general rule is that the claimant must take steps to enforce his right of subrogation within the period prescribed as a limitation to the enforcement of simple contracts, for this merely equitable right will not be enforced at the expense of a legal one." The principle has been announced in many cases, among which are *Fink v. Mahaffy,* 8 Watts 384; *Bank of Penna. v. Potius,* 10 Watts 148; *Rittenhouse v. Levering,* 6 W. & S. 190; *Stout v. Stout,* 44 Pa. 457; *Allegheny Valley R. Co. v. Dickey,* 131 Pa. 86, 18 A. 1003; *Fid.-Phila. Trust Co. v. Bergson,* 328 Pa. 545, 196 A. 28; *Ault v. Adamson,* supra.

The judgment is reversed and is here entered for defendant.