## Bell Telephone Company *v.* Deakyne, Appellant.

*Contracts—Telephone contracts—Affidavit of defense.*

In an action to recover the balance due for telephone service rendered, an affidavit of defense is insufficient, which amounts to nothing more than a vague and indefinite denial that the defendant owed the amount claimed, and the averment of a certain sum paid on account.

*Jurisdiction, C. P.—Public Service Commission—Public Service Company Law.*

While, under the Public Service Company Law, the Public Service Commission is given authority to supervise and regulate rates and charges of public service companies and to award reparation when an excessive rate has been charged, there is nothing in the law to take away from the courts the jurisdiction of an action brought to recover the amount due a public service company, under a schedule of rates duly fixed and established according to law.

Argued October 10, 1919.   Appeal, No. 52, Oct. T., 1919, by defendant, from order of C. P. No. 3, Philadelphia Co., March T., 1918, No. 3365, making absolute rule for judgment for want of a sufficient affidavit of defense in the case of the Bell Telephone Company of Pennsylvania v. William F. Deakyne.   Before ORLADY, P. J., PORTER, HENDERSON, HEAD, TREXLER and KELLER, JJ. Affirmed.

Assumpsit on written contract for amount due for telephone service.

The opinion of the Superior Court states the case.

The court made absolute the rule for judgment for want of a sufficient affidavit of defense.   Defendant appealed.

*Error assigned* was the decree of the court.

*C. Oscar Beasley,* for appellant.

*William H. Lamb,* and with him *Joseph H. Keough,* for appellee.

OPINION BY KELLER, J., December 1, 1919:

The plaintiff brought this action against the defendant to recover the sum of $56.98 alleged to be due for telephone rental and excess local messages, under written contracts between the parties. The court below entered judgment for want of a sufficient affidavit of defense. The defendant appealed.

It was admitted in the affidavit of defense that the defendant had signed the several contracts set forth at length in the plaintiff's statement. The first one was dated October 13, 1914, and went into effect Nov. 1, 1914, for the period of one year. Under it the defendant was entitled to 5,400 local messages during the year, and agreed to pay as rental $183 a year, in monthly payments of $15.25 each, and three cents for each additional local message. When eight months of the third year under this contract had elapsed, the parties made an additional contract to date from November 1, 1916, under which the number of local messages during the year was increased 2,400, and the rental was increased $60 per annum. As this additional contract was thus effective for eight months at the time of its execution, there was then due under it the sum of $40 provided the defendant had used during that period the proportionate number of local messages allowed under both contracts.

The original contract contained the following provisions: "6. If no objection in writing is received by the Company within thirty days after a statement of account is rendered, such statement shall be deemed to be correct......" "9. If more local messages than one-twelfth of the annual number to be paid for be sent in any month, the Subscriber shall, whenever requested, pay for such additional local messages." The plaintiff averred that from November 1, 1916, to July 1, 1917, the defendant had used 5,269 messages, itemizing them by

the months, and that at no time during that period had he objected in writing or otherwise to the correctness of the bills or the number of local messages recorded thereon.  This number was sixty-nine more than the 5,200 messages allowed under the additional contract for the eight months' period.  The affidavit of defense denied that the defendant had used the number of calls specified in the plaintiff's statement, but did not state how many had been used or aver that objection in writing had been made to the plaintiff within thirty days after any statement of its account had been rendered, as required by the contract.  In this respect the affidavit was clearly insufficient as to the 69 additional local messages at three cents per message, $2.07, and the $40 due under the supplemental contract.

On July 3, 1917, the parties entered into a new yearly contract to take effect July 1, 1917, under the terms of which the defendant was entitled to 6,600 local messages and agreed to pay $207.60 per annum, payable in monthly payments of $17.30 each.

The plaintiff's statement averred that the defendant having failed to pay the bills due it, it had, under the terms of the contract, on September 27, 1917, cancelled the contract and disconnected the telephone, at which time there was due for rental, after making allowance for unused local messages the sum of $14.51.

The affidavit of defense on this point is very vague and indefinite.  It amounts to nothing more than a denial that the defendant owed this amount and an averment that a payment of $39.55 made September 17, 1917, and credited as a payment on account both in the plaintiff's statement and in the receipt annexed to the affidavit of defense "fully paid the plaintiff of all owing to the plaintiff by defendant," and was insufficient to prevent judgment.

Most of the affidavit of defense as well as the argument of the learned counsel for the appellant, was directed against the alleged unfairness of the plaintiff's

methods of keeping account of the subscribers' calls and billing them in the second month following the month they were used.  This may entail additional labor upon the subscriber in checking his calls with the bills rendered, but under the terms of his contract he is precluded from questioning their correctness unless he objects in writing within thirty days after the receipt of the bills.

If the plaintiff's method of billing and accounting is deemed to impose an unreasonable burden on its subscribers, their remedy is to complain to the Public Service Commission.  They cannot use it as a defense to the collection  of accrued telephone rental and service charges.

There is no merit in the third assignment of error. The fact that the Public Service Commission is given authority to supervise and regulate the rates and charges of public service companies and to award reparation when an excessive rate has been charged, does not take away from the courts jurisdiction of an action brought to recover the moneys due a public service company under a schedule of rates duly fixed and established according to law: St. Clair Boro. v. Tamaqua & P. E. Ry. Co., 259 Pa. 462, p. 466.

The assignments of error are overruled and the judgment is affirmed.