## Siter v. Bell Telephone Company of Pennsylvania.

*Public Service Company Law—Action by subscriber against telephone company for failure to insert his name in directory.*

1. An action by a subscriber against a telephone company for failure to insert his name and address in its directory may be maintained without having first had a hearing before the Public Service Commission, as provided by the Public Service Company Law of July 26, 1913, P. L. 1374.

2. A statement of claim which alleges that plaintiff made an oral contract with the Bell Telephone Company, by which the company agreed to furnish him telephone service and equipment, and he agreed to pay all toll and other charges, and that, as an incident to such contract, it further agreed to furnish him, and all other subscribers, with a telephone directory in which his own name and address would be properly listed, and that it failed to list his name and address in the directory, by reason of which failure he sustained substantial damage, states a good cause of action..

3. *Semble.* The listing of a subscriber's name and address in its directory is one of the essential duties assumed by the telephone company in accepting a subscription, for a breach of which the subscriber has a right of action.

Statutory demurrer. C. P. No. 5, Phila. Co., June T., 1923, No. 6075, in Equity.

*C. B. Wood* and *W. C. Mason,* for plaintiff; *B. O. Frick,* for defendant.

SMITH, J., May 2, 1925.—This matter arose out of a motion for judgment on the pleadings filed by the defendant.

The plaintiff, a physician with offices in the Medical Arts Building, at the corner of Sixteenth and Walnut Streets, in the City of Philadelphia, is a specialist in genito-urinary diseases, and his practice consists chiefly of patients directed to him by other physicians. The statement of claim alleges that in the year 1920, at Philadelphia, the plaintiff made an oral contract with the Bell Telephone Company of Pennsylvania, the defendant, whereby the defendant agreed to furnish to the plaintiff telephone service and equipment and the plaintiff agreed to pay all toll and other charges thereto. The statement of claim further avers that the defendant would install in the plaintiff's office a telephone instrument and would furnish, semi-annually, to the plaintiff and all other subscribers of the defendant for telephone service and equipment, a telephone book giving an alphabetical list of all the city and suburban subscribers to defendant's telephone service, including that of the plaintiff, and, in addition, would include plaintiff's name, address and telephone number in said directory in the Philadelphia classified business list, under the heading "Physicians and Surgeons," and would furnish plaintiff such telephone service as he might require, for which the plaintiff agreed to pay all toll and other charges made for such service by defendant.

The plaintiff further avers that from the date of the making of this contract defendant furnished said service to the plaintiff, until the plaintiff removed from No. 2008 Walnut Street to No. 1520 Locust Street, in the said City of Philadelphia; that this service was also given to plaintiff until he removed from No. 1520 Locust Street to the Medical Arts Building, located at the corner of Sixteenth and Walnut Streets aforesaid.

That in October of 1922 he, the plaintiff, notified the defendant company of his change of address to the Medical Arts Building, and that he requested the defendant to furnish him with telephone service and equipment at that address under the terms of the aforementioned oral contract.

That plaintiff's application for said telephone service and equipment was entered in the records kept by the defendant on a special card, which is attached to the statement of claim.

Siter *v.* Bell Telephone Company of Pennsylvania.

It is further averred that until April of 1923 defendant furnished plaintiff with telephone service and equipment at his office in the Medical Arts Building, and that they rendered bills therefor, which were paid by plaintiff.

The statement of claim further avers that in April of 1923 a telephone directory was issued by the defendant, containing the names, addresses and telephone numbers of all its subscribers for telephone service, and that said directory did not contain the name of the plaintiff nor his address or telephone number, and that, furthermore, the plaintiff's name was not listed in the Philadelphia classified business list under the heading "Physicians and Surgeons," and that, as a fact, the name, address and telephone number of the plaintiff were left out of the said directory altogether.

It is further averred that the plaintiff made a request upon the defendant to insert his name in the alphabetical list as well as the classified business list of the directory, but that the defendant refused and failed to do so.

It is further averred that the omission of plaintiff's name from the said directory by the defendant, and the failure on the part of defendant to insert the name in the directory, has resulted in substantial damages to the plaintiff, by reason of the fact that the physicians who had formerly referred their patients to plaintiff could not locate him.

The affidavit of defence in the nature of a demurrer raises the questions of law:

1. Under the Act of July 26, 1913, P. L. 1374, plaintiff cannot maintain the present action.

2. Plaintiff cannot maintain an action in this court unless and until he has secured an award by the Public Service Commission, and the statement of claim avers no such award.

3. This court has no jurisdiction of the plaintiff's present claim.

4. The statement of claim does not aver that the furnishing by the defendant to the plaintiff of a telephone book giving an alphabetical list of the names of all the city and suburban subscribers to the telephone service, including that of the plaintiff, and, in addition, including the plaintiff's name, address and telephone number in said book or directory in the Philadelphia classified business list, under the heading "Physicians and Surgeons," was provided by any of the tariffs and schedules filed by the defendant with the Public Service Commission at the time the alleged contract between plaintiff and defendant was made or thereafter.

There are other objections raised: That the statement of claim does not set forth the name of the person or persons with whom the alleged oral contract was made by the plaintiff, and that the statement of claim differs in certain details with the averments contained in a bill in equity formerly filed in this matter, and that the statement of claim is insufficient and sets forth no cause of action.

After a very long and elaborate brief, the defendant asks for judgment on the record. The principal contention of defendant is as to the inability of a litigant to proceed against a public service corporation before a court of law without having first had a hearing before the Public Service Commission, as provided by the Public Service Company Law of July 26, 1913, P. L. 1374.

In article v of section 5 of the Public Service Company Law it is written: "If, after hearing, upon complaint or upon its own motion, the commission shall determine that any rates which have been collected, or any acts which have been done or omitted to be done, or any regulations, classifications or practices which have been enforced for, or in relation to, any service rendered after this act becomes effective, by any public service company complained of,

were in violation of any order of the commission, or were unjust and unreasonable or unjustly discriminatory, or unduly or unreasonably preferential, or, in like manner, shall find that the rates so collected are in excess of the rates contained in the tariffs or schedules of any such public service company on file or posted, and in effect and applicable at any time the said service was rendered, the commission shall, upon petition, have the power and authority to make an order for reparation, awarding and directing the payment to any such complainant, petitioner, within reasonable time specified in the order, of the amount of damages sustained in consequence of said unjust, unreasonable or unlawful collections, acts or commissions, regulations, classifications or practices of such public service company, provided, that such damages have been actually sustained by such complainant petitioner."

The case before us does not come within the provisions of the above section, nor of section 7 of the said act relating to preferences.

The question of discrimination between subscribers, or preferences given to one company or individual over another, is not before this court. This is an action for damages growing out of an alleged act of negligence on the part of the defendant or its servant, agent or employee. The installation of the telephone and the rendering of bills was not alone in the contemplation of the parties at the time this oral contract was made. An essential and material part of the service was the printing of the subscriber's name in certain portions of the telephone directory. The omission of this part of the service may well be of such a character as to affect his business. There is no provision in the Public Service Companies Law relating to matters of negligence on the part of a public service company.

In the case of Fogelsville & Trexlertown Electric Co. v. Pennsylvania Power and Light Co., 271 Pa. 237, Mr. Justice Kephart (on page 241) said: "It must not be understood, however, the act takes from the courts all jurisdiction over public service companies. On the contrary, all acts of this body are subject to judicial scrutiny, but through the channel ordained by the legislature and as set forth in article VI of the Public Service Act."

Article VI, section 40, states: "Provided that the liability of public service companies for negligence, as heretofore established by statute or by common law, shall not be held or construed to be altered or repealed by any of the provisions of this act."

This is essentially a breach of contract between a public service company and a subscriber. There is nothing involved in this case concerning the rates, fares, tolls, charges or preferences of any public service company.

In the case of Telephone Co. v. Deakyne, 73 Pa. Superior Ct. 158, wherein the telephone company brought an action of *assumpsit* on a written contract for an amount due for telephone service, the court said: "There is no merit in the third assignment of error. The fact that the Public Service Commission is given authority to supervise and regulate the rates and charges of public service companies and to award reparation when an excessive rate has been charged does not take away from the courts jurisdiction of an action brought to recover the moneys due a public service company under a schedule of rates duly fixed and established according to law."

The claim for damages by reason of alleged negligence by the defendant must be tried by the jury, for that, after all, is the only question involved. If it were a proposition that the omission was not negligence, but that the act of the company was done purposely for whatever reason, then that in itself would become a matter for the Public Service Commission to investigate to determine whether or not there was a preference given to other subscribers

in a certain special profession over this particular plaintiff. The statement of claim, however, avers the act of negligence growing out of a breach of contract, and as such it must be tried by a jury.

The other questions of law raised in the affidavit of defence are of little moment. The company itself supplied service to the plaintiff and rendered bills for the same; so that it cannot now deny the existence of a contract. The alleged difference between the averments in the bill in equity and those in the statement of claim cause no trouble. The statement of claim stands upon its own allegations, and the bill in equity may be amended at any time before hearing.

In this case there was a contract between the parties and there was an alleged breach of one of its materials terms, due to an alleged act of negligence on the part of the defendant. It is a proper cause of action, and the only way to determine whether or not there were any damages sustained by the plaintiff is by a proper trial before a court and jury.

Motion for judgment is discharged.