## Gross *v.* Lundy et ux., Appellants.

*Assumpsit—Money had and received—Affidavit of defense—Sufficiency—Agreement for sale of real estate—Principal and agent.*

In an action of assumpsit for money had and received, the plaintiff averred in his statement of claim that a payment was made on account of the purchase price of land, and that the defendant was unable to convey a clear title as agreed upon, the affidavit of defense set forth that a supplemental agreement had been made which met the objections of the plaintiff to the validity of the title and that the defendants were ready and willing to convey the property accordingly.

In such case the affidavit of defense was sufficient.

The general rule is that when an agent makes a contract with a third person, naming his principal, the contract is made with the principal and not with the agent, and no cause of action for its breach subsists in favor of the agent against the other party thereto.

Argued October 12, 1925.  Appeal No. 107, October T., 1925, by defendants from judgment of Municipal Court of Philadelphia, August T., 1924, No. 62, in favor of plaintiff for want of a sufficient affidavit of defense, in the case of Charles Gross v. Joseph Lundy and Lena M. Lundy.  Before PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ.  Reversed.

Rule for judgment for want of a sufficient affidavit of defense.  Before KNOWLES and WALSH, JJ.

The facts are stated in the opinion of the Superior Court.

The Court made absolute the rule.  Defendants appealed.

*Error assigned* was the decree of the court.

*D. Arthur Magaziner,* for appellant.

*David S. Malis,* for appellee.

OPINION BY LINN, J., December 14, 1925:

This judgment for want of a sufficient affidavit of defense cannot be sustained.  Suit was brought to get back hand money paid on account of the purchase price of land.  The contract provided for a title "clear of encumbrances and easements, subject to" an existing mortgage not maturing prior to March 1926.  It is averred that the parties met for settlement within the time prescribed in the agreement and that defendants could not convey the title clear as agreed upon, because of a building restriction.

The contract recited that it was made by Joseph Lundy and his wife, of the first part, (the defendants) and Charles Gross, agent for M. E. Abrams, of the second part, and it was so executed.

The suit was brought by Charles Gross, who avers "that he was the actual person in interest in the said agreement of sale, and that the said Mollie E. Abrams

mentioned therein was used as a strawman only.'' The agreement does not mention any Mollie E. Abrams and there is no averment that Mollie E. Abrams is the M. E. Abrams mentioned in the contract as his principal.

In their affidavit of defense, defendants deny that they agreed that M. E. Abrams or Mollie Abrams ''was a strawman only''; and they denied the right of Gross to sue as principal. Concerning the mortgage and the building restriction, they averred that shortly after the contract was made, they learned for the first time of the existence of the building restriction, and also that the mortgage would mature prior to March 1926, and that on April 24th, two weeks after the date of the contract, and immediately on learning those facts, they notified Gross of them; that Gross then stated the title would be accepted subject to the building restriction if defendants would have the maturity of the mortgage extended to March 31, 1926; that pursuant to that proposal they obtained such extension by paying $125 therefor. They averred readiness to convey accordingly at the time fixed for settlement pursuant to the agreement, which provided for forfeiture of the hand money in case of default.

In entering judgment the court below held that the suit was properly brought by Gross as principal and that there was no consideration for the waiver of the effect of the building restriction and for obtaining the extension of the maturity date of the mortgage.

On both points the court was wrong. Whatever may have been the rights of the vendee, and the liabilities of the vendors, when the latter learned and notified the vendee of the existence of the building restriction and date of maturity of the mortgage, the vendee was not limited to accepting the situation and its consequences, but was competent to make a supplementary agreement such as alleged by the defendants pursuant to which they obtained an extension of the mort-

gage. The original contract of sale provided that the mortgage "has not less than two years to run from March 1924." The affidavit of defence avers that at the vendee's request they obtained an extension of maturity to March 31, 1926, which in fact is a month longer than the vendee was entitled to under the original agreement. There was consideration.

Defendants' contract was not with Gross as principal; so far as appears in the case, Gross is the agent of M. E. Abrams; recovery by Gross, if defendants are bound to pay, would not bar recovery by Abrams, the principal. "The general rule is that when an agent makes a contract with a third person, naming his principal, the contract is made with the principal and not with the agent, and no cause of action for its breach subsists in favor of the agent against the other party thereto": 31 Cyc. 1563. Nothing to take the case out of the general rule appears here.

The judgment is reversed.