United Security Title Insurance Co., Appellant, *v.* Isadore Moskowitz, Samuel I. Perlman and Lena Perlman.

Argued October 11, 1928.

598

Before Porter, P. J., Trexler, Keller, Linn, Gawthrop and Cunningham, JJ.

*V. D. Nicholson*, of *Taylor, Robey, Hoar and Nicholson*, for appellant.—The doctrine of subrogation is not founded upon any privity of contract between plaintiff and defendant: Hogg v. Longstreth, 97 Pa. 255, at 259. The proper form of action is a suit by plaintiff in its own name: Commonwealth to the use, etc. v. Mahon, 12 Pa. Superior Ct. 616.

*I. Irwin Fisher*, for appellee.—Plaintiff is entitled to no refund as payment was made voluntarily: Shenango Furnace Co. v. Fairfield Township, 229 Pa. 357. No contractural relation exists between plaintiff and defendant: Hogg v. Longstreth, 97 Pa. 255; Commonwealth Trust Co., Trustee (No. 1), 247 Pa. 515; Lackawanna Trust & Safe Deposit Co. v. Gomeringer, 236 Pa. 179.

Opinion by Keller, J., January 25, 1929:

The relevant facts of this case are concisely stated in the opinion of the court below, as follows: "Plain-

tiff insured the title to five [six?] houses to five [six?] different purchasers. It sues to recover the taxes against those houses for the year 1923, alleging that during the whole of that year the defendants were the owners. When it was discovered that the taxes for the year 1923 had not been paid, plaintiff, having insured the new owners against those taxes, deemed itself bound by its policies and, for the purpose of protecting the insured, paid the taxes and now sues to recover the amount paid from the persons chargeable during the year for which the taxes were assessed.''

The defendant, Moskowitz, filed an affidavit of defense raising a question of law, under the provisions of the 20th section of the Practice Act of 1915, P. L. 483. The court below entered an order adjudging that the plaintiff had not set out a good cause of action; but judgment was not entered for the defendant. The Supreme Court in a very recent case (Leibfried v. Horn, 294 Pa. 137), decided that an exactly similar order was an interlocutory one, from which no appeal lay, and quashed the appeal. We are obliged to do likewise.

To avoid unnecessary prolonging of the case, and a useless second appeal, we may state that, in our opinion, the appellant cannot sustain the action as brought. By virtue of an obligation arising from its having issued its policies of title insurance it paid certain taxes for which its assured were severally, not jointly, liable. It claims to be subrogated to the rights of these assured against the defendants, alleging that the latter were primarily and personally liable for the payment of said taxes, and seeks to include all these separate rights in one action brought in its own name. Its rights by way of subrogation, if sought to be established by action at law, must be enforced in separate actions brought in the name of the individual owners legally bound to pay the taxes, to its use.

The appellant paid the taxes not by reason of any legal duty resting on it as vendee of the assessed owner, (Caldwell v. Moore, 11 Pa. 58) ; or as owner by purchase at foreclosure sale on mortgage held by it (Hogg v. Longstreth, 97 Pa. 255; King v. Mt. Vernon B. & L. Assn., 106 Pa. 165; Landreth v. McCaffrey, 17 Pa. Superior Ct. 272; Edwin Forrest Home v. Shattuck, 64 Pa. Superior Ct. 239) ; or as purchaser at sheriff's sale on its judgment for arrears of ground rent (Presbyterian Ministers' Fund v. Folz, 41 Pa. Superior Ct. 303) ; or as tenant of the land subject to distress for the taxes (Kitchen v. Smith, 101 Pa. 452) ; or as surety on the tax collector's official bond, compelled to pay by virtue of the same legal machinery which authorized and enabled the tax collector to receive and enforce payment of taxes (Com. to use, etc. v. Mahon, 12 Pa. Superior Ct. 616) ; but because of its voluntary assumption of an insurance contract. Its duty to pay arose from something entirely disconnected from the obligation to pay taxes. By its contract with the assured[1] it is subrogated to the latter's rights against other persons, but like such clauses of subrogation in other insurance contracts, these, in so far as they are sought to be enforced by action at law must be done in the name of the assured: Fidelity Title & Trust Co., to use etc. v. People's Natural Gas Co., 150 Pa. 8; The "Potomac," 105 U. S. 630, 634; St. Louis etc. Ry. Co. v. Commercial Ins. Co., 139 U. S. 223, 235. In the last named case the court said, speaking through Mr. Justice GRAY: "The insurer,

Note 1—The subrogation clause in the policies as averred in the statement, was: "Whenever the company shall have settled a claim under this policy, it shall be entitled to all the rights and remedies which the assured would have had against any other person or property had the policy not been issued. The assured undertakes to transfer to the company such rights, or to permit it to use the name of the assured, for the recovery thereof. If the payment does not cover the loss of the assured, the company shall be interested in such rights with the assured in the proportion of the amount paid to the amount of the loss not thereby covered. The assured warrants that such right of subrogation shall vest in the company, unaffected by any act of the assured."

upon paying to the assured the amount of a loss of the property insured, is doubtless subrogated in a corresponding amount to the assured's right of action against any other person responsible for the loss. But the right of the insurer against such other person does not rest upon any relation of contract or of privity between them. It arises out of the nature of the contract of insurance as a contract of indemnity, and is derived from the assured alone, and can be enforced in his right only. By the strict rules of the common law, it must be asserted in the name of the assured; in a court of equity or of admiralty, or under some state codes, it may be asserted by the insurer in his own name; but in any form or remedy the insurer can take nothing by subrogation but the rights of the assured."

The distinction as to equity practice is illustrated in Appeal of Henry H. Miller, 119 Pa. 620; Brown v. McCullough, 60 Pa. Superior Ct. 98; and Cottrell's App., 23 Pa. 294.

The appeal is quashed.