Heaton et ux., Appellants, *v.* Pennsylvania Railroad Company.

Argued October 30, 1929.

Before
PORTER, P. J., TREXLER, KELLER, LINN, GAWTHROP, CUNNINGHAM and BALDRIGE, JJ.

*William L. Hicks,* and with him *John G. Love* and *Robert W. Owens,* for appellants.—Plaintiff in an action of trespass not involving a title to land need allege only possession: Stambaugh v. Hollabaugh, 10 Sergeant & Rawle 357; Townsend v. Kern et al., 2 Watt's 180; Omensetter v. Kemper, 6 Pa. Superior Ct. 309; Humes v. Kramer, 286 Pa. 251.

*John Blanchard,* and with him *Edmund Blanchard,* for appellee.—The decree is interlocutory and no appeal lies: Miller Paper Co. v. Keystone C. & C. Co., 275 Pa. 40; Highland v. Russian Car Co., 80 Pa. Superior Ct. 219; Commonwealth v. Shields, 89 Pa. 266; Rhodes v. Terheyden, 272 Pa. 397; Davis v. Hillman, 281 Pa. 150; Duggan v. Duggan, 291 Pa. 556; Kossell v. Rhoades, 272 Pa. 75; Hartley v. Spencer, 75 Pa. Superior Ct. 449.

OPINION BY KELLER, J., January 29, 1930:

The order appealed from is an interlocutory one, from which no appeal lies. The appeal must, therefore, be quashed. However, as both parties have asked us to express our views on the authority of the court below to make the order, and as the case was argued on its merits, for the purpose of saving unnecessary delay and the expense incident to another appeal on the same ground (See Citizens Pass. Ry. Company v. P. S. C., 271 Pa. 39; United Security Title Ins. Company v. Moskowitz, 95 Pa. Superior Ct. 597; Willetts v. Willetts, 97 Pa. Superior Ct. 317), we deem it proper to say that we are all of opinion that the court was without such authority, and that the order was improvidently made. We are satisfied that the court below will cheerfully follow our expression on the law of the case, when called to its attention, and revoke the order, even though no formal judgment on the subject is entered by us.

The action was in trespass for damages to standing timber growing on lands owned and peaceably possessed by the plaintiffs, caused by fire which, on or about April 26, 1923, spread to plaintiffs' lands by the negligent acts of defendant's servants and employes in connection with their burning of defendant's right of way and safety strip belonging to its Snow Shoe Branch.

Plaintiffs' statement described the tract of land as situate in Snow Shoe Township, Centre County, giving the boundaries and acreage, and referred to the tract as being particularly described in a deed for said property from Harry Keller and wife to the plaintiffs, dated July 25, 1900, and recorded in Centre County in Deed Book Vol. 80, p. 260, which deed by reference was incorporated in and made a part of the statement. See Phila. v. Schaefer, 269 Pa. 550, 552.

The defendant moved the court below to grant a rule on the plaintiffs "in accordance with and in analogy to

Rule No. 80 of said court" ...... "to file or show cause why they should not file an abstract of title, to be taken as part and in amendment of the plaintiffs' statement of claim, said abstract to set forth the title from and out of the Commonwealth of Pennsylvania and into the said plaintiffs, under which title the said plaintiffs claim title to and ownership of the said lands; the time for filing an affidavit of defense to be extended until the further order of the court to be made at or after the final disposition of said rule." A rule was granted in accordance with said motion, to which the plaintiffs filed an answer denying the authority of the court to order them to file such an abstract of title. After hearing, the court below entered the following order: "And now, July 30, 1929, the rule granted upon plaintiffs to file an abstract of title from the Commonwealth or show cause why such should not be filed is made absolute and plaintiffs are directed to file such abstract within thirty days from this date unless such time is extended by order of court. And it is further ordered that upon the filing of such abstract of title by the plaintiffs that defendant shall file its affidavit of defense to such averments of fact as are required to be answered or denied within thirty days thereafter unless such time is extended by order of court." From this order the present appeal was taken.

The action, while brought in trespass, as required since the passage of the Act of May 25, 1887, P. L. 271, would have been in trespass on the case before that date.

"For injuries to real property, it [action on the case] lies where ...... the injury is consequential, which must always be the case where the act complained of is done upon the defendant's own land, and the effect of it extends to the land of the plaintiff": 2 Troubat & Haly's Practice, Section 1553 (5th Ed.

Brightly's). See Haverly v. State Line R. Co., 135 Pa. 50; Penna. R. Co. v. Hope, 80 Pa. 373; Penna. & N. Y. Canal & R. Co. v. Lacey, 89 Pa. 458; Lehigh Valley R. Co. v. McKeen, 90 Pa. 12. The Act of 1887, in providing that actions in trespass, trover and trespass on the case were thereafter to be brought under the one name of trespass, did not change the fundamental requirements upon which the right to recover rests: Griffin v. Delaware & Hudson Co., 257 Pa. 432. Nor has the Practice Act of 1915, P. L. 483, done so. The only requirement as respects the statement of claim, which replaces the old narr. or declaration, is that it "shall contain, and contain only, a statement in a concise and summary form of the material facts on which the party pleading relies for his claim, ......but not the evidence by which they are to be proved, or inferences, or conclusions of law, and shall be divided into paragraphs numbered consecutively, each of which shall contain but one material allegation" (Sec. 5). We are therefore required to go back to the old action on the case to see what was necessary to be proved to sustain the action, and when such material facts have been stated in a concise and summary form, by paragraphs consecutively numbered, etc., the plaintiff will have set out a good cause of action and furnished a sufficient statement of claim.

In the forms of declarations in case, for torts to real property corporeal, which Mr. Chitty gives in his work on Pleading (Vol. 2, pp. 768-799, 7th Am. Ed.) the plaintiff only declares that "before, and at the time of the committing of the grievance hereinafter next mentioned, he was and from thence hitherto hath been and still is, lawfully *possessed* of a certain," etc.; and it is added, (note x) "The person in actual possession, whether lawfully or not, may support this action against a wrongdoer ......possession in fact is sufficient." Mr. Greenleaf in his work on Evidence

(Vol. 2, Sec. 230 (b), 15th Ed.) says: "Whenever this action [trespass on the case] is brought for an *injury to land,* it is sufficient for the plaintiff to allege and prove his *possession* of the property, in order to entitle him to the action against a stranger. If the possession was in fact vacant, proof of his title alone will be constructive proof of his possession. The nature and value of his interest will become material only as they affect the amount of his damages; and for this purpose an equitable title may be shown, and will be sufficient to entitle him to full damages." See Ives v. Cress, 5 Pa. 118. In Meyer v. Horst, 106 Pa. 552, 557, an action on the case, the Supreme Court said: "The averment is that the plaintiff below was seized in his demesne as of fee of and in the land, with the appurtenances. It was not necessary to aver in the declaration in what way or manner he acquired title, nor the precise time. It was sufficient to aver the existence thereof in him at the time of the commission of the injury complained of." In Williams v. Hay, 120 Pa. 485, also an action on the case, the declaration averred the ownership and possession by the plaintiff of two certain parcels of land, describing them by boundaries, and not stating the source of title, and a recovery was sustained.

The learned counsel for the appellee suggests that because the legislature has seen fit to require the plaintiff in an action of ejectment to file with his statement of claim an abstract of the title under which he claims the land in dispute, and the defendant to file with his answer an abstract of the title by which he claims, and to limit the evidence received on the trial to the matters appearing in the pleadings; and because the court below in its rules, (See Rules 80 and 81 of the 49th Judicial District), provides that "in ejectments and in actions of trespass where the title to land comes in question *either party* may obtain a rule upon his ad-

versary to file an abstract of his title and a specification of all special facts and equitable matter which he intends to rely upon," and confines the evidence on the trial to the facts so specified and set forth; that the same rule, by analogy, should be specially applied to actions of trespass on the case such as this one, merely because the defendant may be in doubt as to the title and possession of the plaintiffs. But there is a broad distinction between them. "Actions in trespass where the title to lands comes in question" refer to actions where both parties claim title to the land; where the defendant has committed the trespass, if such it was, under a claim of ownership—actions of trespass quare clausum fregit under claim of title, where the issue is practically the same as in ejectment. The rule has no reference or application to actions to recover for consequential injuries inflicted on one's land by the negligent acts of the defendant on his own land. This defendant asserts no title to the land claimed by these plaintiffs to be in their ownership and possession. It has no interest in the lands burned outside its own right of way. If it questions the plaintiffs' right to damages because they are not the owners or in possession of the land described in the statement it can assert that defense in its affidavit of defense, and if it needs more time than fifteen days to make the examination, the court on cause shown can extend the time, but the principle is no different from that applying in any case where one claims that his real or personal property has been injured or damaged by the negligent acts of another.

There is a broad distinction between an action such as this one and ejectment. In ejectment the plaintiff must allege and prove that the defendant is in possession of the land claimed; and possession is always *prima facie* evidence of title. Hence, in such case, it is necessary that the plaintiff should overcome the presumption against his title arising from the adverse

possession of the defendant. But this is not the case in actions founded on an alleged injury to real property caused by the negligent acts of another who makes no claims to any interest in such property. There, if the plaintiff is in possession, such possession is available to him as evidence of ownership, to the same extent, as in the action of ejectment the defendant's possession puts the plaintiff to the proof of his right of possession. If the land is mountain land in the actual possession of no one, as the court below assumed, then the plaintiff may prove constructive possession by showing his title to the land, and it would seem that, as respects a wrongdoer, an apparently undisturbed and unquestioned title for over twenty-one-years would be sufficient to require the defendant to go to trial. There is no method, and there does not appear to be any compelling reason why there should be one, of determining preliminarily the possession and/or title of one claiming to be the owner of real estate which has been injured by the negligent acts of another who claims no interest in the land. There is no reason why the possession and ownership, if they are really in dispute, should not be passed upon by the same jury that fixes the damages if the plaintiffs are found to be in possession, actual or constructive, of the land.

Since the Act of 1915, the rule for a bill of particulars is obsolete: King v. Brillhart, 271 Pa. 301. If the defendant considers the plaintiffs' statement not sufficiently specific, he may ask for a rule for a more specific statement. The defendant did not ask for this, but endeavored to apply to an action for consequential damages to land inflicted by the negligent acts of another, without claim to the land, the law and rules applicable to actions of ejectment and trespass where the dispute is whether the plaintiff or the defendant owns the land in question; and the order of the court requiring plaintiffs to file an abstract of title from the

Commonwealth into them goes beyond what a defending wrongdoer may ask, or the court may require, of the plaintiffs who claim to have been injured by his negligent acts. We are of opinion that the plaintiffs' statement sets up a good cause of action and is sufficiently specific to require the appellee to defend.

For the reason first above stated, the appeal is quashed.