## Metropolitan Electric Manufacturing Company v. Browne.

*Howard Kirk*, for plaintiff; *William C. Alexander*, for defendant.

MacDade, J., July 10, 1930.—The plaintiff instituted a suit to recover the value of goods sold and delivered to the defendant. Objection by the defendant was made to the statement of claim filed by the plaintiff when the former entered a rule for a more specific statement. This was in accordance with the Practice Act of 1915, and properly so, for the proper method to attack a statement not sufficiently specific is to ask for a rule for a more specific statement: Heaton v. Pennsylvania R. R. Co., 98 Pa. Superior Ct. 162; King v. Brillhart, 271 Pa. 301. When the matter came up for argument upon the said rule, the parties entered into a stipulation in writing, and duly filed of record, that the said statement of claim and the said rule for more specific statement of claim should be withdrawn.

Therefore, this left the record open for the filing of a supplemental statement of claim, which the plaintiff has done by filing what is called an "amended statement of claim," basing his cause of action upon a contract in writing, whereas the original statement of claim was based upon a book account. We see no reason why the plaintiff could not properly file a statement of claim based upon a written contract, inasmuch as both statements were declared in *assumpsit*.

The only requirement as respects the statement of claim is that it shall contain, and contain only, a statement in a concise and summary form of the material facts on which the party pleading relies for his claim: Heaton v. Pennsylvania R. R. Co., 98 Pa. Superior Ct. 162.

Thereupon the defendant filed an affidavit of defense, to which the plaintiff has replied. Following this, the plaintiff entered a rule for judgment for want of a sufficient affidavit of defense and set up as reasons therefor the following:

"A. Paragraph 4 of the affidavit of defense is a general denial and not specific as required by the Practice Act.

"B. Paragraph 5 of the affidavit of defense sets forth a payment of $1550, but fails to set forth the date of such payment. The said paragraph further refers to the fact that 'material was not as guaranteed,' but fails to set forth the specifications wherein the material in question was not as guaranteed."

In the affidavit of defense we learn that (1) the defendant complains that the statement of claim now under consideration purports to be an amended statement of claim, while in fact it is an entirely new claim. We fail to see any merit in this defense, and, besides, we would permit an amendment to the statement of claim to declare on a written contract for the sale and delivery of goods rather than on a book account. Where an amended statement is filed, it virtually withdraws the original: Swetlitz v. Wegryzn, 25 Luzerne Legal Reg. 149; (2) the defendant makes a general denial and not a specific denial to the averments in the fourth paragraph of the statement of claim in the following language:

"4. It is not true and defendant denies the facts as set out in paragraph 4 of plaintiff's amended statement of claim."

By reference to the statement of claim, it will be observed that in the said affidavit of defense the defendant admits the first three paragraphs of the statement of claim, namely, that (1) the plaintiff is a corporation, (2) sold and delivered said bill of goods to the defendant, and (3) for the contract price named; while in the fourth paragraph of the statement of claim the plaintiff avers that he in all respects fulfilled the written contract with the said defendant for the sale and delivery of the goods therein referred to.

Therefore, it is admitted (1) that the goods were sold and delivered according to the contract; (2) that the contract price referred to was as agreed

upon, and (3) we find nowhere in the affidavit of defense any averment that any complaint whatever was ever made against the said charge.

A general denial in the affidavit of defense is not sufficient and will be taken as an admission of the fact averred in the statement of claim: Myers v. Loomes, 18 Del. Co. Reps. 360; Merwine v. Boyensky, 24 Schuyl. Legal Rec. 209; Isralson v. Haines, 10 Erie Co. L. J. 240.

We held in Philadelphia Inquirer v. Lafferty, 18 Del. Co. Reps. 546, that an affidavit must contain specific denial or denial by necessary implication of facts averred in the statement of claim.

(3) In paragraph 4-A of the affidavit of defense the defendant sets up that he was obliged by reason of the delays on the part of the plaintiff in furnishing said goods to have materials shipped by truck from the warehouse of said plaintiff in Long Island City, New York, on several occasions, costing him about $100 in all for drayage, alleging this was necessary because the defendant was obliged to get his contract completed in time.

We get no particulars at all from the defendant as to what bearing this would have upon the contract, for there is no averment on the part of the defendant that the plaintiff failed to make delivery in accordance with the terms of the contract. By reference to the written contract, we do not find any time limit, and in view of that fact we would determine that the defendant would have a reasonable time in which to make the shipment. If the defendant desired to make time the essence of the contract, a time limit for delivery should have been inserted. We see nothing in this defense.

Anheuser-Busch, Inc., v. Lenowitz, 94 Pa. Superior Ct. 184, holds that where the defense is a counter-claim, the defendant must state particulars, and that a counter-claim—and this has equal application to an affidavit of defense—must be complete with the same particularity as in a statement of claim.

(4) With respect to another matter of defense set up by the defendant relative to the allegation that the defendant paid to the said plaintiff the full sum of $1550, the amount of the contract, certainly this is not specific. The defendant should have set up when, how, where and to whom payments were made, and as averred in the fifth paragraph of the affidavit of defense there can be no other construction thereof than that the defendant is stating a conclusion. See Philadelphia Inquirer v. Lafferty, 18 Del. Co. Reps. 546, supra, which holds that an affidavit of defense which avers payment and that on a certain date defendant paid the plaintiff in full without setting forth how payment was made is insufficient.

"When payment is relied upon as a defense, all the circumstances of the alleged payment must be set forth with certainty and particularity, and not generally or inferentially:" 1 Pepper & Lewis Digest of Decisions, col. 212.

In a suit for balance due for telephone service, an affidavit of defense is insufficient which avers that a sum certain was paid on account, and makes a vague and indefinite denial by saying that defendant paid plaintiff all that he owed: Bell Telephone Co. v. Deakyne, 73 Pa. Superior Ct. 158 (1919).

When payment is alleged, it must be set forth clearly in detail: Wesley Lumber and Supply Co. v. Venditti, 2 Erie Co. L. J. 82 (1920).

An affidavit of defense averring payment, but being inspecific as to time and amount and manner, was insufficient: Fox Grocery Co. v. Stefanski, 11 Westmoreland L. J. 182 (1922).

We note the defendant has failed to file a brief in support of his argument, and this in itself would be sufficient reason for the court to sustain the motion for judgment for want of a sufficient affidavit of defense; but, however, we

690

do not direct judgment for that reason alone. See Rhoads *v.* Shockley, 21 Berks Co. L. J. 155.

Therefore, in view of our conclusions set forth above, we make the following

*Order.*

And now, July 10, 1930, the above matter coming on to be heard by the court *in banc* upon a motion for judgment for want of a sufficient affidavit of defense, together with oral argument and briefs furnished by the plaintiff, after due consideration thereof, the court doth order and decree that judgment be and is entered in favor of the plaintiff and against the defendant for want of a sufficient affidavit of defense, and that the prothonotary be and is hereby ordered and directed to assess the damages as follows:

Amount of claim........................................ $675.00
Interest from Oct. 1, 1926.............................. 148.92
                                                        _____
Total............................................. $823.92

From William R. Toal, Media, Pa.