## Real Estate-Land Title and Trust Company v. Metropolitan Mortgage & Finance Company

*Saul, Ewing, Remick & Saul,* for plaintiff.
*Robert T. McCracken,* for defendant.

SMITH, P. J., May 17, 1934.—This matter comes before us on a motion to take off a nonsuit.

The plaintiff had insured two mortgages, purportedly given by one Fannie Harrison to Philadelphia Saving Fund Society and the estate of Elizabeth Hinkle, on properties owned by the said Fannie Harrison situate at 2541 Gordon Street and 2508 West York Street, both in the City of Philadelphia. Out of the moneys deposited with the plaintiff at the settlement by the mortgagees on September 10, 1927, plaintiff paid off two judgments which appeared to be liens upon the properties by virtue of judgments confessed by said Fannie Harrison to the defendant company, and gave the residue of the amount deposited to a party representing herself to be Fannie Harrison.

On March 7, 1929, the mortgagee, Philadelphia Saving Fund Society, was notified that the said bond and mortgage was a forgery. Thereupon plaintiff, under the terms of the policy of title insurance, paid to Philadelphia Saving Fund Society the whole principal of said mortgages with accrued interest, and received an assignment of the said mortgages from Philadelphia Saving Fund Society. The said plaintiff, in order to determine the question of the forgery, entered a judgment by virtue of the warrant accompanying said bond and issued a fi. fa. for the sale of the premises 2508 West York Street in Court of Common Pleas No. 2 and for the premises 2541 Gordon Street in Court of Common Pleas No. 3. Fannie Harrison thereupon took a rule in each case to open said judgments, giving as reasons therefor that said bonds, warrants, and mortgages were forged by her daughter Hannah Harrison. The courts made said rules absolute, and in jury trials that followed a verdict was given to Fannie Harrison on the ground that the said documents were forged.

In the statement of claim before this court, plaintiff brought an action against the defendant for return of the moneys paid defendant at the time of the mortgage settlement, to remove the liens of judgment then had by the defendant against the said real estate, upon the averment that these judgment notes, and the warrants of attorney accompanying them, purporting to have been

signed by said Fannie Harrison, were also forgeries. At the time of the trial, the plaintiff offered to prove by its witnesses Fannie Harrison and Milton Rosenbaum, the broker who negotiated these judgment notes, that they were forgeries. The trial judge sustained the defendant's objection to this testimony upon the ground that it was an attempt to attack the judgments collaterally. By this ruling, this important link in the chain of events was not presented, and a nonsuit followed.

The questions involved are:

1. Is Real Estate-Land Title & Trust Company a proper party plaintiff in this case?

2. May Real Estate-Land Title & Trust Company collaterally attack the defendant's judgments entered by the prothonotary against Fannie Harrison, especially after they have been satisfied?

We must first consider the facts of this case, assuming for the sake of argument that the said judgment notes were forged by Hannah. She forged these judgment notes and warrants and then later forged the bonds and mortgages. At the time of the mortgage settlement, the mortgagee, Philadelphia Saving Fund Society, advanced the money loaned on the mortgages and received from the plaintiff a policy of title insurance. The plaintiff, as the settling agent, disbursed the funds to satisfy the judgments that were a lien against each property and the balance to the purported Fannie Harrison. If there had been no judgment liens against the properties, the plaintiff most probably would have paid the entire sum to the purported Fannie Harrison. Hannah had forged the said judgment notes and had obtained from the defendant the funds mentioned therein. When the mortgage settlement was consummated and the judgments satisfied, Hannah received the balance of the funds over the amount of the judgment and up to the face of the mortgage. She thus virtually received a sum equal to the entire amount of the mortgage settlement due the purported mortgagor from the mortgagee. While the defendant, prior to the mortgage settlement, stood in a position to lose what it had advanced on the judgment notes, it was made whole when the said Hannah perpetrated the second set of forgeries, the mortgage settlement was consummated and the moneys paid.

It seems clear that the plaintiff has no substantial interest in this matter on which it may base a cause of action against the defendant. In making its disbursements at the time of settlement, it was acting as the agent of Philadelphia Saving Fund Society. If there was any fraud perpetrated, it was against this latter company and not the plaintiff. In Gross v. Lundy et ux., 87 Pa. Superior Ct. 78, 81, Linn, J., said:

" 'The general rule is that when an agent makes a contract with a third person, naming his principal, the contract is made with the principal and not with the agent, and no cause of action for its breach subsists in favor of the agent against the other party thereto': 31 Cyc. 1563."

There is no averment that the defendant perpetrated any fraud on Philadelphia Saving Fund Society. At the most the saving fund society may have had an action against the defendant on a quasi-contract. There is no averment in the pleadings that the plaintiff was subrogated to any rights that the saving fund society may have had against the defendant. It merely stands in the position of an assignee of the forged bond and mortgage. That assignment does not carry with it any assignment of the quasi-contractual rights that may have been had by the saving fund society against the defendant. If such assignment were in effect, the action would still have to be brought in the name of the

principal and not in the name of the plaintiff. In United Security Title Insurance Co. v. Moskowitz et al., 95 Pa. Superior Ct. 597, 600, Keller, J., said:

"By its contract with the assured it is subrogated to the latter's rights against other persons, but like such clauses of subrogation in other insurance contracts, these, in so far as they are sought to be enforced by action at law must be done in the name of the assured: Fidelity Title & Trust Co., to use, etc., v. People's Natural Gas Co., 150 Pa. 8; The 'Potomac,' 105 U. S. 630, 634; St. Louis, etc., Ry. Co. v. Commercial Ins. Co., 139 U. S. 223, 235."

It may well be that a judgment which, by reason of a forged judgment note, is void, and which in addition thereto has been satisfied of record, is not bound by the law that states that a judgment may not be collaterally attacked; but in this case the plaintiff, acting in the capacity as an agent, paid the funds necessary to satisfy the judgments to the defendant. That being so, under all the equities in the case, the plaintiff is in no better position than the forger herself. The defendant is equally innocent with the plaintiff, and the law should permit the loss to lie where it has fallen. The trial judge's ruling in refusing to admit evidence to show that the judgment of the defendant against Fannie Harrison was entered on a forged note was correct.

*Decree*

And now, to wit, May 17, 1934, the motion to remove the nonsuit is refused.