## Baron v. Woskobijnyk

*Daniel B. Brandschain*, for plaintiff.

*J. A. Ronnick*, for defendants.

DANNEHOWER, P. J., January 9, 1961.— On September 26, 1960, plaintiff, Samuel A. Baron, a duly licensed real estate broker in the City of Philadelphia, filed the complaint in assumpsit here in question. Plaintiff seeks recovery of $1,830, with interest, the commission allegedly due him under an exclusive agency.

The complaint states that this exclusive agency arose by virtue of the following clause contained in an agreement of sale executed by defendants, Alex and Iwan Woskobijnyk, as purchasers, and plaintiff, acting as agent for the vendors, Marvin Parmet and Ida B. Parmet, his wife:

"Purchasers agree that Samuel A. Baron will be the exclusive agent for the sale of one house to be built on the ground at Woodlawn and Stratford Avenue for a period of not less than one year from the date of final settlement."

The complaint further alleges that settlement for the ground in question was made on June 2, 1959, and that plaintiff thereupon became the exclusive agent for the sale of one house to be built on this ground up to June 2, 1960. It also states:

"That on or about the 12th day of November, 1959, the aforesaid defendants entered into an agreement with George Rosenthal and/or Sophia Rosenthal, his wife, wherein and whereby the aforesaid defendants agreed to convey said tract of ground for the price or sum of $6,000.00 and to erect and construct a dwelling thereon which the aforesaid defendants agreed to sell to the aforesaid George Rosenthal and/or Sophia Rosenthal, his wife, for the additional price or sum of $24,500.00 or a total consideration of $30,500.00."

Plaintiff seeks to recover six percent of the last mentioned figure, or $1,830.

Defendants have raised three preliminary objections to the instant complaint. The first states that no contract creating an exclusive agency ever came into existence between plaintiff and defendants, plaintiff having signed the agreement of sale as agent for disclosed principals. The second alleges a lack of consideration. The third alleges that any exclusive agency agreement was extinguished by merger of the provisions of the agreement of sale in the subsequent deed.

For the purpose of considering these preliminary objections, we accept the allegations of the complaint as statements of fact.

There is no merit in defendants' second and third preliminary objections. The instant agreement of sale is under seal, and in this Commonwealth a seal imports consideration: Owens v. Wehrle, 14 Pa. Superior Ct. 536 (1900).

The general rule that an agreement of sale merges in the deed does not always raise an irrebutable presumption. If the intention of the parties that a provision of the agreement should survive the deed can be discovered, effect will be given to it: Caveny v. Curtis, 257 Pa. 575, 581 (1917); Douglass v. Laughlin, 41 Del. Co. 96 (1953); Goldberg, Sales of Real Estate in Pennsylvania, pp. 260-61 (1958).

The provision of the agreement of sale here in question states that it is to be effective "for a period of not less than one year from the date of final settlement." If the parties intended this provision to have any effect, performance after settlement was required. In addition, such an exclusive agency clause would not ordinarily be placed in a deed. Therefore, we hold that no merger occurred and that this provision of the agreement of sale remains enforcible.

Defendants' first preliminary objection raises a question of greater difficulty. As a general rule in this Commonwealth, an agent may not sue on a contract made by him for a disclosed principal: Gross v. Lundy, 87 Pa. Superior Ct. 78 (1925). This rule is based upon the sound premise that the agent entered into the contract in question, *not* for his own benefit, but for that of his principal and pursuant to powers conferred on him by that principal.

However, where the agent himself has a beneficial interest in the performance of the contract, even though he signed it only as agent, our cases permit maintenance of a suit on the contract by the agent: Steamboat Co. v. Atkins & Co., 22 Pa. 522, 527 (1854); 1 P. L. Encyc. Agency §171. See Robb v. American

Railway Express Company, 78 Pa. Superior Ct. 1, 6 (1921).

In the matter now before us, we feel that the recovery of a substantial commission gives plaintiff a substantial interest in this agreement of sale. Defendants' first preliminary objection is, therefore, also dismissed.

### Order

And now, January 9, 1961, after argument, the preliminary objections of defendants, Alex and Iwan Woskobijnyk, are hereby overruled and dismissed, and defendants are allowed 20 days to file a responsive answer to the complaint of Samuel A. Baron. An exception is allowed.